UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JUAN HERIBERTO CARRILLO,
also known as,
Armando Cotto-Ramos,

    Petitioner,

v.                                                     CASE NO. 6:16-cv-163-Orl-28GJK
                                                        (6:11-cr-256-Orl-28GJK)

UNITED STATES OF AMERICA,

    Respondent.
_____

## ORDER

This case is before the Court on the Motion to Vacate, Set Aside, or Correct Sentence ("Motion to Vacate," Doc. 9) filed by Juan Heriberto Carrillo through counsel pursuant to 28 U.S.C. § 2255 and Petitioner's Memorandum in Support of the Motion to Vacate (Doc. 19). The Government filed a Response to the Motion to Vacate (Doc. 17) in compliance with this Court's instructions. Petitioner was provided an opportunity to file a reply to the Government's Response but did not do so.

Petitioner asserts three grounds for relief. For the following reasons, the Motion to Vacate is denied.

### I.    Procedural History

Petitioner was charged by Superseding Indictment with conspiracy to possess with intent to distribute five or more kilograms of cocaine (Count One) in violation of 21 U.S.C. § 846 and possession with intent to distribute five or more kilograms cocaine

(Count Two) in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(ii) and 18 U.S.C. § 2. (Criminal Case No. 6:11-cr-256-Orl-28GJK, Doc. 32.)[1] Pursuant to a plea agreement, Petitioner entered a plea of guilty to Count One before Magistrate Judge Gregory J. Kelly. *Id.* at Doc. Nos. 59, 140. Magistrate Judge Kelly filed a Report and Recommendation, recommending that the plea be accepted and that Petitioner be adjudicated guilty. *Id.* at Doc. 55. This Court accepted the plea and adjudicated Petitioner guilty of Count One. *Id.* at Doc. 79. The Court sentenced Petitioner to a 168-month term of imprisonment to run consecutive to the undischarged term of imprisonment imposed by the United States District Court for the Central District of California in case 92-865CR. *Id.* at Doc. 110. Pursuant to the plea agreement, the Government dismissed Count Two. *Id.*

Petitioner appealed, and the Eleventh Circuit Court of Appeals affirmed Petitioner's conviction and sentence. *Id.* at Doc. 142. On April 13, 2016, the Court reduced Petitioner's sentence to a 135-month term of imprisonment. *Id.* at Doc. 196.

## II. LEGAL STANDARD

The Supreme Court of the United States in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defense. *Id.*

---

[1] Criminal Case No. 6:11-cr-256-Orl-28GJK will be referred to as "Criminal Case."

at 687-88. The prejudice requirement of the *Strickland* inquiry is modified when the claim is a challenge to a guilty plea based on ineffective assistance. *See Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985). To satisfy the prejudice requirement in such claims, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 59.

A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 at 689-90. "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir. 1989).

As observed by the Eleventh Circuit Court of Appeals, the test for ineffective assistance of counsel:

> has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. Courts also should at the start presume effectiveness and should always avoid second guessing with the benefit of hindsight. *Strickland* encourages reviewing courts to allow lawyers broad discretion to represent their clients by pursuing their own strategy. We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992) (citation omitted). Under those rules and presumptions, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Rogers v. Zant*,

13 F.3d 384, 386 (11th Cir. 1994).

### III. ANALYSIS

#### A. Ground One

Petitioner asserts counsel rendered ineffective assistance by failing to negotiate a plea agreement that ensured credit for his substantial assistance. (Doc. 9 at 4.) In support of this ground, Petitioner contends that he provided assistance to the United States Attorney's Office in the Western District of Texas prior to the entry of his plea. (*Id.*) According to Petitioner, counsel should have obtained a plea agreement that guaranteed he would receive credit for this assistance. (*Id.*).

The Court concludes that ground one is speculative. Petitioner has not demonstrated that the Government would have been willing to offer a plea agreement that included a guarantee of credit for Petitioner's assistance in Texas. Furthermore, even assuming the Government had been willing to offer such a plea, a finding not made by the Court, Petitioner has not established that he would have been able to assist the Government to the level deemed sufficient to warrant a further sentence reduction. *See Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991) (holding that vague, conclusory, or speculative allegations cannot support claim of ineffective assistance of counsel). In sum, Petitioner has not demonstrated either deficient performance or prejudice. Accordingly, ground one is denied.

#### B. Ground Two

Petitioner contends counsel rendered ineffective assistance by failing to "request

a sentencing evidentiary hearing to present . . . evidence of [Petitioner's] assistance to support the sentence request a [sic] variance." (Doc. 9 at 5.) In support of this ground, Petitioner asserts counsel should have presented evidence showing his assistance and cooperation in the Western District of Texas. (*Id.*)

The Government argues that this ground is barred by the appeal waiver provision in the plea agreement. (Doc. 17 at 5-8.) Pursuant to the plea agreement, Petitioner agreed:

> this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and [Petitioner] expressly waives the right to appeal [his] sentence or to challenge it collaterally on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds . . . [his] applicable guidelines range <u>as determined by the Court</u> pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then. . . [Petitioner] is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

(Criminal Case Doc. No. 59 at 13-14) (emphasis in original). During his change of plea hearing, Petitioner affirmed that he understood the appeal waiver and acknowledged that he understood that by pleading guilty, he was waiving his right to a collateral attack based on ineffective assistance of counsel. (Criminal Case Doc. No. 140 at 17-18.)

In *Williams v. United States*, 396 F.3d 1340 (11th Cir. 2005), the Eleventh Circuit Court of Appeals determined that a valid sentence-appeal waiver, entered into voluntarily and knowingly pursuant to a plea agreement, precludes the defendant from attempting to collaterally attack the sentence through a claim of ineffective assistance of

counsel. *Id.* at 1342. "A valid appeal waiver does not, however, waive a claim that the defendant received ineffective assistance of counsel in entering into a plea agreement because that claim goes to the heart of whether the guilty plea, including the waiver, is enforceable." *United States v. Hanlon*, 694 F. App'x 758, 759 (11th Cir. 2017) (citing *United States v. Puentes-Hurtado*, 794 F.3d 1278, 1284-85 (11th Cir. 2015)). Therefore, a defendant's knowing and voluntary waiver pursuant to a plea agreement generally bars him from pursuing collateral relief under § 2255, including any ineffective assistance of counsel claim that does not directly affect the validity of the waiver or the plea itself.

The Court concludes that the plea agreement and waiver were knowingly and voluntarily entered. As set forth above, the Court addressed the appeal waiver provision during the change of plea hearing. Moreover, the record reveals that Petitioner understood the full significance of his waiver of collateral relief. *See United States v. Weaver*, 275 F.3d 1320, 1333 (11th Cir. 2001) ("To establish the waiver's validity, the government must show either that (1) the district court specifically questioned the defendant about the provision during the plea colloquy, or (2) it is manifestly clear from the record that the defendant fully understood the significance of the waiver."); *United States v. Bushert*, 997 F.2d 1343, 1352 (11th Cir. 1993) ("[F]or a sentence appeal waiver to be knowing and voluntary, the district court must have engaged the defendant about the sentence appeal waiver during the Rule 11 hearing.").

Furthermore, the record demonstrates that Petitioner's plea of guilty was knowingly and voluntarily entered. The three primary requirements imposed by Federal

6

Rule of Criminal Procedure 11 before the Court may accept a plea of guilty are: "'(1) the guilty plea must be free from coercion; (2) the defendant must understand the nature of the charges; and (3) the defendant must know and understand the consequences of his guilty plea.'" *United States v. Garcia*, 322 F. App'x 918, 919 n.2 (11th Cir. 2009) (quoting *United States v. Siegel*, 102 F.3d 477, 480 (11th Cir. 1996)). As discussed by the Fifth Circuit in *United States v. Gaitan*, 954 F.2d 1005 (5th Cir. 1992):

> The consequences of a guilty plea, with respect to sentencing, mean only that the defendant must know the maximum prison term and fine for the offense charged. As long as [the defendant] understood the length of the time he might possibly receive, he was fully aware of his plea's consequences.

*Id.* at 1012 (quotation omitted) (citations omitted).

The Court conducted a thorough and comprehensive plea colloquy. Petitioner stated under oath that he was not pressured to plead guilty. (Criminal Case Doc. No. 140 at 7.) Petitioner acknowledged that he understood the charges against him and was satisfied with his attorney's services. *Id.* at 5-7. Petitioner also affirmed that he had read the plea agreement, had discussed it with his attorney, and understood the plea agreement. *Id.* at 8-9. Petitioner was advised that he was subject to a mandatory term of ten years of imprisonment up to life. *Id.* at 10. The Court asked Petitioner if he had any questions regarding the penalties he faced by entering the plea, and he responded negatively. *Id.* at 12. Petitioner affirmed he understood that the Court could sentence him to the maximum penalty. *Id.* at 13. Petitioner acknowledged he understood that if he was dissatisfied with his sentence, he would not be permitted to withdraw his guilty plea. *Id.*

at 16. Petitioner's representations constitute "a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977). Based on the plea agreement and Petitioner's representations during the plea hearing, the Court concludes that ground two is barred from consideration by the sentence-appeal waiver provision.

Alternatively, Petitioner has not demonstrated either deficient performance or prejudice. At the sentencing hearing, counsel advised the Court that Petitioner had provided information to the Assistant United States Attorney's Office in Texas. (Criminal Case Doc. 130 at 8-9.) Counsel further requested a variance in light of *inter alia* Petitioner's assistance and the likelihood that his sentence would be ordered to run consecutive to his undischarged sentence. (*Id.* at 8-10.) The Government agreed that Petitioner had met with agents and his cooperation was ongoing. (*Id.* at 12.) However, the Government did not believe a further sentence reduction was warranted in this case based on the fact that Petitioner had continued to engage in drug trafficking activity for seventeen years after he escaped federal custody on a prior drug conviction. *See id.* at 10-12.

Counsel and the Government apprised the Court of Petitioner's ongoing assistance in Texas. Thus, the Court was aware when it imposed the sentence that Petitioner had been and was offering assistance. Nevertheless, Petitioner engaged in drug trafficking for almost two decades after he escaped from custody while serving a sentence on another drug conviction. Petitioner has not demonstrated that a reasonable probability exists that had he offered evidence of his assistance in Texas, the Court would have

agreed to a sentence variance in this case. Accordingly, ground two is denied.

C.    Ground Three

Petitioner maintains counsel rendered ineffective assistance by advising Petitioner to enter the plea. (Doc. 9 at 6.) According to Petitioner, he received no benefit from the plea because had he gone to trial, he would only have received a sentence four years greater than the one he received by accepting the plea. *See* Doc. 19 at 10-11.

Petitioner has not shown either deficient performance or prejudice. By entering the plea, Petitioner received a reduction for acceptance of responsibility, the other charge was dismissed, and the sentence imposed was at least for years less than it otherwise could have been had he gone to trial. More importantly, as noted *supra*, at the plea hearing, Petitioner affirmed he understood that by entering the plea he could be sentenced up to life in prison and would not be permitted to withdraw his plea if he was dissatisfied with his sentence. (Criminal Case Doc. No. 140 at 10-13.) Nevertheless, Petitioner chose to enter the plea knowing he could be sentenced to life in prison. Petitioner, therefore, has not demonstrated that a reasonable probability exists that he would not have entered the plea and would have proceeded to trial but for counsel's advice. Thus, ground three is denied pursuant to *Strickland*.

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1.    Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28

U.S.C. § 2255 (Doc. 9) is **DENIED**.

2. The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

3. The Clerk of the Court is directed to file a copy of this Order in criminal case number 6:11-cr-256-Orl-28GJK and to terminate the motions to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Criminal Case Doc. 205) pending in that case.

4. This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner has failed to make a substantial showing of the denial of a constitutional right.[2] Accordingly, a Certificate of Appealability is **DENIED** in this case.

**DONE AND ORDERED** in Orlando, Florida, on December 4, 2017.

JOHN ANTOON II
UNITED STATES DISTRICT JUDGE

Copies to:
OrlP-1 12/4
Counsel of Record

---

[2] Pursuant to the *Rules Governing Section 2255 Proceedings for the United States District Court*, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." *Rules Governing Section 2255 Proceedings for the United States District Courts*, Rule 11(a).